IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERRY L. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-07-823-W |
| | ) | |
| BECKY GUFFY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Defendants request an extension of time to file an answer. Under the request, the Defendants would have until 30 days after the last defendant is served. The Court grants the requested extension of time, which will expire on October 24, 2007.

In the motion for an extension of time, defense counsel states that not all of the defendants have been served and explains that proof of service has been filed for only two of the eleven defendants. This statement is not accurate. The Defendants filed the motion for an extension of time on September 26, 2007. By then, defense counsel had entered an appearance for nine defendants[1] and the other two had been served twenty days earlier.[2]

---

[1] If some defendants had not been served, one wonders how defense counsel could have requested an extension for them. Defense counsel presumably was representing all of the defendants because she stated that "Defendants" were requesting an extension, without identifying which defendants were involved. *See* LCvR 7.1(b) (stating that when multiple parties are involved, a motion "shall include the name . . . of the particular party to whom reference is made").

[2] The other two had been served on September 6, 2007, and the marshals filed proof of service on September 6 and 7, 2007.

The error affects the duration of the extension being requested. By September 24, 2007, the Plaintiff had served ten defendants and defense counsel had entered an appearance on the only defendant remaining to be served.[3] By requesting an extension to 30 days after the last defendant was served, the Defendants have effectively requested an extension of time until October 24, 2007. The Court grants the extension.

The Plaintiff objects based on previous retaliation, lack of good faith, and a purpose to delay the action. The test is whether the Defendants have shown "cause" for the extension of time. *See* Fed. R. Civ. P. 6(b)(1). According to the Defendants, James Crabtree officials needed 60 days to file a special report. The 60th day would fall on October 22, 2007.[4]

The 60-day period for an investigative report is common and does not appear unreasonable under the circumstances. The Defendants are only seeking two days beyond the 60-day period for the investigative report.

The Plaintiff fears that the purpose of the action is to delay the proceedings, "especially" discovery. Plaintiff's Response to Defendants' Motion for Extension of Time (Oct. 4, 2007). But the extension of time would not affect the Plaintiff's right to pursue discovery, as he can do so at any time.

---

[3] Proof of service has not been filed on Defendant Redman. But defense counsel entered an appearance for this defendant on September 24, 2007.

[4] On August 23, 2007, the Court authorized the filing of the special report. Doc. #11 ¶ 4. With 60 days for the investigative report, James Crabtree officials could file the investigative report by October 22, 2007.

In these circumstances, the Defendants' motion appears reasonable and the Court grants the request as stated. The Defendants have requested an extension of time until the last defendant was served, and that deadline would expire on October 24, 2007.

So ordered this 9th day of October, 2007.

_____
Robert E. Bacharach
United States Magistrate Judge