IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERRY L. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-07-823-W |
| | ) | |
| BECKY GUFFY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Jerry Thomas is a state prisoner suing for constitutional violations, and the Defendants urge summary judgment on grounds involving Eleventh Amendment immunity, failure to exhaust administrative remedies, duplication of claims, and qualified immunity. The Court should:

- deny the motion for summary judgment on grounds involving Eleventh Amendment immunity, but dismiss without prejudice the official capacity claims for damages,

- reject the Defendants' summary judgment argument involving nonexhaustion of administrative remedies, and

- decline to address the arguments concerning duplication of claims and qualified immunity.

I.    BACKGROUND

Mr. Thomas is an inmate who claims constitutional violations by prison officials. He does not specify whether the claims are being asserted in the Defendants' official or individual capacities. As a result, the Court should liberally construe the complaint to

include claims in both capacities. *See Ortega v. Gonzales*, 17 F.3d 1437, 1994 WL 47162, Westlaw op. at 2 (10th Cir. Feb. 17, 1994) (unpublished op.) ("Because Mr. Ortega brought this action pro se, his complaint will be liberally construed to allege claims against Gonzales and Sharp in both their [individual and official] capacities."). Mr. Thomas seeks damages, costs, attorney fees, and a permanent injunction.

II.     STANDARD FOR SUMMARY JUDGMENT

For summary judgment, the Defendants bear the burden to show the absence of a genuine issue of material fact. *See Adamson v. Multi Community Diversified Services, Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008) ("The burden of showing that no genuine issue of material fact exists is borne by the moving party." (citation omitted)). "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit." *Id.* (citation omitted)). To determine whether a genuine issue of material fact exists, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citations omitted).

III.    ELEVENTH AMENDMENT IMMUNITY

According to the Defendants, the Eleventh Amendment forecloses relief in their official capacities. The Defendants are correct with respect to the official capacity claims for monetary damages, but the proper disposition would involve dismissal without prejudice rather than summary judgment. The Defendants are not entitled to Eleventh Amendment

immunity on the requests for costs or attorney fees. For the claim involving a permanent injunction, the Defendants have not presented argument or evidence that would satisfy their burden of persuasion. Thus, the Court should reject the Defendants' contention with respect to the Plaintiff's claim for a permanent injunction.

### A.   Burden of Persuasion

The threshold issue is who bears the burden of persuasion regarding Eleventh Amendment immunity. This issue has not been decided by the Supreme Court[1] or the Tenth Circuit Court of Appeals. But every federal appeals court to address the question has placed the burden on the moving party.[2] The Tenth Circuit has regarded Eleventh Amendment

---

[1] *Woods v. Rondout Valley Central School District Board of Education*, 466 F.3d 232, 237 (2d Cir. 2006) ("the Supreme Court has not specifically ruled" regarding who bears the burden of proof on Eleventh Amendment immunity (citations omitted)).

[2] *See Wojcik v. Massachusetts State Lottery Commission*, 300 F.3d 92, 99 (1st Cir. 2002) (stating that for purposes of the Eleventh Amendment, "[t]he entity asserting its immunity bears the burden of showing that it is an arm of the state" (citation omitted)); *Woods v. Rondout Valley Central School District Board of Education*, 466 F.3d 232, 237 (2d Cir. 2006) ("holding that the governmental entity invoking the Eleventh Amendment bears the burden of demonstrating that it qualifies as an arm of the state entitled to share in its immunity"); *Febres v. Camden Board of Education*, 445 F.3d 227, 229 (3d Cir. 2006) (stating that for purposes of the Eleventh Amendment, "[t]he party asserting immunity bears the burden of production and persuasion" (citation omitted)); *Skelton v. Camp*, 234 F.3d 292, 297 (5th Cir. 2000) (stating that the parties asserting Eleventh Amendment immunity bore the burden of proof to demonstrate that a specified entity was "an arm of the state entitled to Eleventh Amendment immunity" (citations omitted)); *Gragg v. Kentucky Cabinet for Workforce Development*, 289 F.3d 958, 963 (6th Cir. 2002) (holding "that the entity asserting Eleventh Amendment immunity has the burden to show that it is entitled to immunity. *i.e.*, that it is an arm of the state"); *Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994) (holding that the party asserting Eleventh Amendment immunity had not met "its burden of persuasion" (citation omitted)); *Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997) ("The party asserting Eleventh Amendment immunity has the burden of proving its applicability." (citation omitted)).

immunity as an affirmative defense[3] and would likely follow the other circuits and place the burden of persuasion on the Defendants.[4]

    B.    <u>Test for Eleventh Amendment Immunity</u>

The Eleventh Amendment precludes federal litigation against a State by citizens of another state or the State's own citizens. *See Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). When a state official is named as a defendant, the Eleventh Amendment continues to bar the action "if the state is the real, substantial party in interest." *Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001).

    C.    <u>Official Capacity Claims</u>

For the official capacity claims against the Defendants, the applicability of the Eleventh Amendment turns on whether the Plaintiff is seeking prospective or retrospective relief. *See Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001). Recovery of retrospective remedies are generally unavailable in federal court under the Eleventh Amendment. *See id*.

---

[3] *McColpin v. McKune*, 21 F.3d 1121, 1994 WL 164551 (10th Cir. Apr. 20, 1994) (unpublished op.); *see also Steadfast Insurance Co. v. Agricultural Insurance Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) ("the Eleventh Amendment grants states a legal power to assert sovereign immunity as a defense" (citation omitted)).

[4] *See Hooks v. Ward*, 184 F.3d 1206, 1216 n.6 (10th Cir. 1999) ("Traditionally the burden of proving an affirmative defense falls on the party asserting the affirmative defense." (citations omitted)).

### Money Damages

Remedies are considered "retrospective" when they are designed to compensate individuals for past violations or to indirectly encourage compliance with federal law through deterrence. *See Papasan v. Allain*, 478 U.S. 265, 277-78 (1986). This principle applies if the desired relief would involve damages or a remedy which would be tantamount to damages and entail fiscal consequences for the state treasury. *See id.* at 278. Thus, Mr. Thomas' request for monetary damages would involve retrospective relief. *See Trujillo v. Williams*, 465 F.3d 1210, 1223-24 (10th Cir. 2006) (holding that a claim for monetary damages is precluded by the Eleventh Amendment).

An exception to Eleventh Amendment immunity exists if the protection has been waived by the State or abrogated by Congress. *See Chaffin v. Kansas State Fair Board*, 348 F.3d 850, 866 (10th Cir. 2003). But the State of Oklahoma has not waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51 § 152.1(B) (2001) ("it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution"). And Congress did not abrogate the State's Eleventh Amendment immunity through the enactment of Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Thus, the Eleventh Amendment forecloses any official capacity claim for damages. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 120 (1984).

The resulting issue is whether the Eleventh Amendment would entitle the Defendants to summary judgment on these claims. The Court should answer in the negative.

The Defendants urge summary judgment. But rather than grant summary judgment,[5] the Court should dismiss the action without prejudice.[6]

Permanent Injunction

Official capacity claims for equitable relief are not ordinarily subject to the Eleventh Amendment when they are prospective. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1196 (10th Cir. 1998). Relief is considered "prospective" when it is "designed to end a continuing violation of federal law [and is] necessary to vindicate the federal interest in assuring the supremacy of that law." *Green v. Mansour*, 474 U.S. 64, 68 (1985).

---

[5] *See Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1317-18 (10th Cir. 2005) (holding that the district court should have ordered dismissal, rather than summary judgment, when jurisdiction was lacking); *Thompson v. United States*, 291 F.2d 67, 68 (10th Cir. 1961) ("If the court lacks jurisdiction, it cannot render a judgment but must enter an order [dismissing the] action." (footnote omitted)); *accord Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188-89 (5th Cir. 1986) (holding that when the defendants were entitled to Eleventh Amendment protection, the district court should have ordered dismissal for lack of subject-matter jurisdiction rather than grant summary judgment); *Freeman v. Oakland Unified School District*, 179 F.3d 846 (9th Cir. 1999) (ordering the district court to modify an award of summary judgment to dismissal without prejudice when the defendant enjoyed protection under the Eleventh Amendment); *Auster v. Ghana Airways Ltd.*, 514 F.3d 44, 48 (D.C. Cir. 2008) (vacating an award of summary judgment and remanding, with instructions to order dismissal instead, when the defendants enjoyed sovereign immunity); *cf. White v. State of Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (stating that the district court had not erred in awarding summary judgment based on the Eleventh Amendment).

[6] *See Polaski v. Colorado Department of Transportation*, 198 Fed. Appx. 684, 685-86 (10th Cir. Aug. 2, 2006) (unpublished op.) (remanding with instructions to specify that a dismissal based on the Eleventh Amendment was without prejudice); *Divine Church of God and Christ v. Taxation & Revenue Department*, 116 F.3d 1489, 1997 WL 355326, Westlaw op. at 2 (10th Cir. June 27, 1997) (unpublished op.) (remanding with instructions to dismiss claims, without prejudice, based on the Eleventh Amendment).

The Plaintiff seeks a permanent injunction, which implicates the Defendants in their official capacities.[7] The Defendants have not discussed whether the Plaintiff's equitable claims are prospective or retrospective. In the absence of such discussion, the Defendants have not satisfied their burden of proof regarding applicability of the Eleventh Amendment to the claim for a permanent injunction. *See Christy v. Pennsylvania Turnpike Commission*, 54 F.3d 1140, 1147 n.8 (3d Cir. 1995) (rejecting an Eleventh Amendment defense, notwithstanding the plaintiff's "failure to cite record evidence," because the defendant bore the burden of proof). In these circumstances, the Court should reject the Defendants' Eleventh Amendment argument as it pertains to the claim for a permanent injunction.

### Costs and Attorney Fees

In the complaint, the Plaintiff also requests an award of costs and attorney fees. *See supra* p. 2. The Defendants do not enjoy Eleventh Amendment protection on these requests.[8]

---

[7] *See DeVargas v. Mason & Hanger-Silas Mason Co.*, 844 F.2d 714, 718 (10th Cir. 1988) ("An action for injunctive relief no matter how it is phrased is against a defendant in official capacity only; plaintiff seeks to change the behavior of the governmental entity." (citation omitted)).

[8] *See Hutto v. Finney*, 437 U.S. 678, 689-98 (1978) (holding that an award of attorney fees under 42 U.S.C. § 1988 is not prohibited by the Eleventh Amendment); *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1196 n.12 (10th Cir. 1998) ("We note that the Supreme Court has held that the Eleventh Amendment does not bar an award for attorneys fees pursuant to 42 U.S.C. § 1988 because Congress specifically enacted the statute pursuant to section 5 of the Fourteenth Amendment." (citations omitted)); *Battle v. Anderson*, 614 F.2d 251, 257 (10th Cir. 1980) (noting that a request for an award of expenses against a state agency is not insulated under the Eleventh Amendment).

IV.     EXHAUSTION

The Defendants urge summary judgment on grounds of nonexhaustion. This argument should be rejected.

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000).

The Oklahoma Department of Corrections ("DOC") has created an administrative process, which must be utilized prior to the filing of a federal lawsuit. *See* Defendants' Motion for Summary Judgment and Brief in Support, Exh. 3 (Jan. 7, 2008) ("Defendants' Summary Judgment Motion"). This process entails the filing of a grievance. *See id.* at p. 6. But when Mr. Thomas initiated the suit, he was subject to a restriction requiring an affidavit to be filed with each grievance. *See id.* at p. 14. The affidavit required identification of prior grievances and affirmation that the contents of the document were true. *See id.*

The threshold issue involves Mr. Thomas' ability to obtain the required affidavit. A prisoner "is only required to exhaust grievance procedures that he is capable of exhausting." *Baughman v. Harless*, 142 Fed. Appx. 354, 358-59 (10th Cir. Aug. 2, 2005) (unpublished op.). And a prisoner is not capable of exhausting a procedure when he "is hindered from utilizing" the process. *Baldauf v. Garoutte*, 137 Fed. Appx. 137, 141 (10th Cir. June 24, 2005) (unpublished op.).

According to the Defendants, they returned multiple grievances because Mr. Thomas had failed to submit the affidavit. The Court may assume *arguendo* that the failure to submit an affidavit would constitute nonexhaustion if this procedure had been available to him. But the Defendants argue that the procedure required the use of a notary public, and the Plaintiff presents evidence that a notary was unavailable to him. Viewing the reasonable inferences favorably to Mr. Thomas, as required, the Court could conclude that an affidavit would have been unavailable.

In the complaint, Mr. Thomas states under oath[9] that:

- the deputy warden ordered the notary public not to provide service on two scheduled appointments,[10]

- after these appointments, the notary public did not provide Mr. Thomas with service,[11] and

- two other notary publics refused to provide services to the Plaintiff,[12] and none others were available.[13]

---

[9] For purposes of summary judgment, the verified complaint is treated as a sworn affidavit. *See Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988) (*per curiam*).

[10] Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 & 42 U.S.C. 2000cc et seq. 42 U.S.C. § 1997d at p. 11 (July 24, 2007) ("Complaint").

[11] Complaint at pp. 6, 11.

[12] Defendants' Summary Judgment Motion, Exh. 1 at pp. 2, 4.

[13] Complaint at pp. 6, 11.

Accepting the truth of these statements and viewing the reasonable inferences favorably to Mr. Thomas,[14] the Court could conclude that the administrative process would have required use of a notary public and that none was available. Summary judgment would be improper in light of the presence of a genuine issue of material fact over the availability of the required affidavit. *See Baughman v. Harless*, 142 Fed. Appx. 354, 358-59 (10th Cir. Aug. 2, 2005) (unpublished op.) (reversing an award of summary judgment in light of the inmate's evidence that authorities had hindered his ability to appeal the denial of grievances).[15]

V.   DUPLICATIVE CLAIMS AND QUALIFIED IMMUNITY

The Defendants also:

- urge duplication of counts one, three, five, seven, and eight with claims already being litigated in another action and

- request summary judgment on grounds involving qualified immunity.

The Court should decline to address these arguments because they have not been adequately presented by the Defendants.

---

[14]   *See supra* p. 2.

[15]   Instead of addressing the Plaintiff's argument that prison officials prevented compliance with the grievance policy, the Defendants debate the use of a declaration over an affidavit and argue that Mr. Thomas had failed to grieve the prison's failure to accept a declaration. This argument ignores the Plaintiff's evidence that he had tried to comply with the grievance procedure, but was unable to do so because of the unavailability of a notary public. If notarization was necessary and no notary publics were available, Mr. Thomas would not have had an available remedy under the Defendants' interpretation of the administrative policy.

In part, the Defendants ask the Court to "decline to address the merits of counts I, III, V, VII and VIII of the Complaint (Doc. 1) because the allegations contained therein are already being adjudicated in CIV-07-0599." Defendants' Summary Judgment Motion at p. 9. In Case No. CIV-07-599-W, Mr. Thomas asserted twenty counts. *See* Civil Rights Complaint, *Thomas v. Parker*, Case No. CIV-07-599-W (W.D. Okla. May 25, 2007). In their brief-in-chief, the Defendants present no explanation regarding the purported duplication. Even in their reply, the Defendants only compare count one of the current complaint to count seventeen in Case No. CIV-07-599-W.[16] And in both briefs, the Defendants do not support their apparent assumption that duplication of claims in the two pending cases would justify summary judgment. Consideration of the Defendants' argument would require the Court to conduct research, identify the legal underpinnings for summary judgment based on duplication of claims, and comb through the two complaints to assess the purported overlaps between the two complaints.[17] As a result, the Court should decline to entertain this argument.

---

[16] Local Civil Rule 7.1(i) limits reply briefs to "new matter raised in the response." The Defendants have not identified any new matter in the Plaintiff's response brief. In the opening brief, the Defendants simply asserted duplication without any explanation and waited until their reply to identify any of the duplicative claims in the other litigation.

[17] *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived . . . ." (citations omitted)); *Bronson v. Swensen*, 500 F.3d 1099, 1105 (10th Cir. 2007) (concluding that a party's "cursory statements, without supporting analysis and case law, fail to constitute the kind of briefing that is necessary" to merit consideration by the court).

The same is true for the Defendants' contention concerning qualified immunity. Mr. Thomas has raised eleven claims, implicating various constitutional violations. The Defendants assert qualified immunity with only this statement:

> Here, it is clear that Defendants adhered to DOC policies regarding level assignments, privileges and responding to grievances.
>
> Plaintiff has failed to demonstrate that a reasonable official in the position of any the DOC Defendants should have known that the limited acts performed by them violated Plaintiff's clearly established federal rights. Therefore, qualified immunity insulates individual DOC Defendants in the event that it is determined that Plaintiff's constitutional rights were violated, and Plaintiff's claim for monetary damages should be dismissed.

Defendants' Summary Judgment Motion at pp. 11-12 (citations omitted).

The Defendants urge qualified immunity for their allegedly "limited acts," but do not identify their actions or explain why they would not have known that the alleged conduct would have violated clearly established federal rights. Accordingly, the Court should decline to address the qualified immunity argument on grounds that it has been inadequately presented by the Defendants. *See supra* p. 11.

## VI. CONCLUSION

The Court should:

- disallow summary judgment on grounds involving Eleventh Amendment immunity,

- dismiss without prejudice the official capacity claims for damages under the Eleventh Amendment,

- reject the Defendants' arguments for summary judgment based on nonexhaustion of administrative remedies, and

- decline consideration of the Defendants' remaining arguments.

## VII. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The parties have the right to object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1) (2000). Any objection must be filed with the Court Clerk for the United States District Court. *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999). The deadline for objection is April 28, 2008. *See* W.D. Okla. LCvR 72.1. The failure to timely object to this report and recommendation would prevent appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## VIII. STATUS OF REFERRAL

The referral is terminated.

Entered this 8th day of April, 2008.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge