IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

JUL 2 5 2008

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

JERRY L. THOMAS,                    )
                                    )
              Plaintiff,            )
                                    )
vs.                                 )       No. CIV-07-823-W
                                    )
BECKY GUFFY et al.,                 )
                                    )
              Defendants.           )

## ORDER

On April 8, 2008, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter and recommended that the Court take certain actions in connection with the complaint filed by plaintiff Jerry L. Thomas and with the defendants' challenges to the claims in that document. The parties were advised of their right to object to the Report and Recommendation, and the matter now comes before the Court not only on the defendants' Objection to the Report and Recommendation, but also on the defendants' Objection to Magistrate Judge Bacharach's Order issued on April 8, 2008, wherein he denied the defendants' Motion to File Supplemental Authority.

Thomas is incarcerated at the James Crabtree Correctional Center in Helena, Oklahoma, and he has asserted that the defendants have violated his constitutional rights. Thomas has sought monetary damages and temporary and permanent injunctive relief.

Upon de novo review of the record, the Court ORDERS as follows:

(1) The Report and Recommendation issued April 8, 2008, is ADOPTED.

(2) The defendants' Motion for Summary Judgment [Doc. 32] filed on January 7, 2008, is GRANTED to the extent the defendants have addressed their entitlement to

immunity from retrospective relief under the eleventh amendment to the United States Constitution. The proper disposition of this issue, however, as Magistrate Judge Bacharach noted, is dismissal (as opposed to summary judgment), and to that end, the Court finds that the claims for monetary relief that Thomas has asserted under section 1983 against the defendants in their official capacities are DISMISSED. E.g., Trujillo v. Williams, 465 F.3d 1210 (10th Cir. 2006).

(3) The defendants' Motion for Summary Judgment is DENIED to the extent, if any, the defendants in their official capacities have sought eleventh amendment immunity from permanent injunctive relief should any underlying claim asserted by Thomas that prays for and supports such prospective equitable relief survive the defendants' challenges.

(4) The defendants' Motion for Summary Judgment is likewise DENIED as to the one-sentence argument set forth in Proposition II of said Motion that reads:

> "Defendants request this Court decline to address the merits of counts I, III, V, VII and VII of the Complaint (Doc. 1) because the allegations contained therein are already being adjudicated in CIV-07-0599[-W]."

Magistrate Judge Bacharach recommended that the Court refuse to address this Proposition on the grounds that it has not been adequately presented. The Court agrees.

The defendants have offered nothing in support of their request for relief other than an unsubstantiated and conclusory assertion. It is not this Court's duty to comb the records in Thomas v. Parker, No. CIV-07-599-W, and in the case-at-bar to determine if such assertion is well-founded.

(5) The defendants' Motion for Summary Judgment is DENIED to the extent the defendants in their various individual capacities have argued that they are entitled to the

2

affirmative defense of qualified immunity. Magistrate Judge Bacharach found that this argument had likewise been inadequately presented, and the Court again agrees.

Thomas has raised multiple claims in his complaint against multiple parties and has identified various constitutional violations. The defendants collectively have advanced only vague and conclusory assertions that they are each entitled to qualified immunity; they did not identify the specific conduct of any one defendant or address in any detail why a reasonable official in any defendant's position would know that the "limited acts" performed by that defendant did not violate clearly established law.

(6) The defendants' Motion for Summary Judgment is DENIED to the extent that the defendants have argued that Thomas has failed to exhaust his administrative remedies. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), imposes a mandatory exhaustion requirement on inmates who challenge prison conditions. To exhaust his administrative remedies, a prisoner must properly comply with prison grievance procedures. E.g., Woodford v. Ngo, 548 U.S. 81 (2006)(prisoners must complete prison's administrative review process in accordance with applicable procedural rules).

In ruling on a request for summary judgment under Rule 56, F.R.Civ.P., the Court must decide whether "there is no genuine issue as to any material fact and . . . [whether the defendants are] entitled to a judgment as a matter of law." Rule 56(c), F.R.Civ.P. The Court at this stage of the litigation does not evaluate the credibility of the witnesses, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), or "weigh the evidence and determine the truth of the matter . . . ." Id. at 249. Rather, the Court must decide "whether there is a genuine issue for trial . . . [and] there is no [triable] issue . . . unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.

3

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted). The Court's inquiry must be whether the evidence, when viewed "through the prism of the substantive evidentiary burden," id. at 254, "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

Applying these standards to test an affirmative defense such as nonexhaustion, which would entitle the defendants to summary judgment, the defendants

"must demonstrate that no disputed material facts exist regarding the affirmative defense asserted. If the defendant[s] meet[ ] this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact.  If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant[s] . . . [are] then entitled to summary judgment as a matter of law."

Hutchinson v. Pfeil, 105 F.3d 562, 564 (10th Cir. 1997)(citations omitted).

As Magistrate Judge Bacharach found, the administrative process, which has been implemented by the Oklahoma Department of Corrections and which must be utilized prior to the filing of a federal lawsuit, requires the inmate to file a grievance and, in Thomas' case, an affidavit that details prior grievances and an affirmation that the contents of the document are true.  Thomas has complained under oath that he was unable to obtain the required affidavit because a notary public was not available to him.

Because the Court at this stage does not evaluate the credibility of the witnesses, e.g., Anderson, 477 U.S. at  255, or "weigh the evidence and determine the truth of the matter . . . ," id. at 249, the Court finds a genuine issue of disputed fact exists with regard to the availability of a notary public.  Thus, summary judgment is not appropriate at this stage on this issue.

4

(7) The defendants' Objection to Order Denying Supplemental Authority [Doc. 40] filed on April 22, 2008, is OVERRULED, and the defendants' Motion to File Supplemental Authority [Doc. 37] is DENIED. The Court concurs with Magistrate Judge Bacharach's statement that Rule 7.1(k)(8), Rules of the United States District Court for the Western District of Oklahoma, "contemplate[s] at least some explanation regarding why the movant regards the supplemental authority as relevant." Order [Doc. 38] (April 8, 2008).

(8) The defendants' request that the Court conduct an evidentiary hearing as set forth in their Objection to Magistrate's Report and Recommendation [Doc. 41] is DECLINED.

(9) Because the issues in this matter have now been joined and deadlines need to be established so that Thomas' claims may be resolved, the parties are DIRECTED to each submit a memorandum to the Court within fifteen (15) days and set forth in that document

   (a) in concise terms, the issues of fact and law that remain;

   (b) a list of proposed witnesses and exhibits with regard to each claim;

   (c) proposed deadlines for (i) amending the pleadings and joining additional parties and (ii) filing dispositive motions;

   (d) (i) what discovery, if any, remains, (ii) why such discovery is necessary and (iii) the manner in which such discovery should be accomplished; and

   (e) a proposed trial date.[1]

---

[1]Upon receipt and review of the parties' memoranda, the Court will issue a scheduling order.

5

In so doing, the parties should not only be mindful of the role section 1997e plays and the purpose behind such statue, but also be aware that the interests of justice are best served by judicial economy, fairness to the parties, avoidance of piecemeal and duplicative litigation and the parties' strict adherence to the respective burdens they bear under Rule 56, supra, and in particular, with respect to affirmative defenses.

ENTERED this 25th day of July, 2008.

LEE R. WEST
UNITED STATES DISTRICT JUDGE